UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GURINDER SINGH BAINS, as Personal Representative of the ESTATE OF JASWINDER SINGH, deceased, HARPREET SINGH and his wife, DILPREET KAUR, and LAKHWINDER KAUR, | **DECISION AND ORDER** |
| Plaintiffs, | 6:23-CV-06208-EAW |
| v. | |
| AMERICAN TACTICAL, INC., ANTHONY DICHARIO, JOSEPH CALABRO, SCHMEISSER GMBH, and 365 PLUS D.O.O., | |
| Defendants, | |

---

| | |
|---|---|
| GURINDER JOHAL, personal representative of the Estate of AMARJEET JOHAL, and DILJOT SEKHON, personal representative of the Estate of AMARJIT SEKHON, and JASPREET SEKHON, personal representative of the Estate of JASVINDER KAUR, and MARY "CAROL" WEISERT, personal representative of the Estate of JOHN WEISERT, MATTHEW D. ALEXANDER as the Natural Parent and Next Friend of KARLI SMITH, Deceased, and JEFF BLACKWELL and TAMMI BLACKWELL as Natural Parents and Next Friends of SAMARIA BLACKWELL, Deceased, | 6:23-cv-06382-EAW |
| Plaintiffs, | |
| v. | |
| AMERICAN TACTICAL, INC., ANTHONY DICHARIO, JOSEPH CALABRO, SCHMEISSER GMBH, and 365 PLUS D.O.O., | |
| Defendants, | |

The above-captioned lawsuits arise from a mass shooting incident occurring in Indianapolis, Indiana, on April 15, 2021. The plaintiffs, representatives of individuals killed in the shooting, commenced litigation against the defendants for alleged unlawful and reckless conduct in designing, manufacturing, distributing, marketing, and selling the high-capacity magazine used by the shooter in the incident. Both actions assert various claims against the same defendants.

*Bains, et al. v. American Tactical, Inc, et al.*, 6:23-cv-06208-EAW ("*Bains*"), was filed in this District on April 13, 2023. (Dkt. 1, No. 6:23-cv-06208). *Johal, et al. v. American Tactical, Inc., et al.*, No. 6:23-cv-06382-EAW ("*Johal*"), was filed the next day in the United States District Court for the Southern District of Indiana. (Dkt. 1, No. 6:23-cv-06382). On June 13, 2023, the *Johal* plaintiffs filed a motion to transfer the case to this District indicating an intention to seek consolidation with *Bains*. (Dkt. 12, No. 6:23-cv-06382). On July 6, 2023, the motion to transfer was granted and the *Johal* matter was transferred to this Court. (Dkt. 17, No. 6:23-cv-06382).

Pending before the Court is a motion to consolidate, conform deadlines, and for leave to amend filed by the *Bains* plaintiffs on July 17, 2023. (Dkt. 12, No. 6:23-cv-06208). Specifically, the *Bains* plaintiffs seek to consolidate their lawsuit with the *Johal* lawsuit, and then file a consolidated amended complaint in both actions and confirm the date for service of process. (*Id.*). The apparent motive for this pre-answer consolidation motion is that an amendment of the complaint is necessary to effect service on one of the defendants (Schmeisser GmbH) and the *Johal* plaintiffs cannot amend the complaint as of right

because they have already filed an amended complaint. (Dkt. 12-1 at 3-5, No. 6:23-cv-06208).

On July 24, 2023, the Court directed the plaintiffs to also file the motion in *Johal* and to file a supplemental brief in both cases setting forth the plaintiffs' position regarding the impact, if any, of the Court allowing consolidation prior to service on and appearance by any defendant. The plaintiffs have complied with that directive and submitted a supplemental memorandum. (Dkt. 14, No. 6:23-cv-06208; Dkt. 25, No. 6:23-cv-06382). The *Johal* plaintiffs also filed a response to the pending motion expressly indicating their support for consolidation, as directed, as well as a motion to consolidate. (Dkt. 24 and Dkt. 26, No. 6:23-cv-06382).

Although the Court agrees that consolidation may very well be appropriate in this case, and furthermore that leave to amend may be warranted, at this point, because the defendants have not been served and appeared in this action, the motion is premature. In response to the Court's request that supplemental briefing be filed justifying the appropriateness of granting the requested relief prior to an appearance by the defendants, the plaintiffs have not cited the Court to any sufficiently reliable authority. Indeed, the plaintiffs acknowledge that the "general rule is that consolidation cannot be granted until joinder of issue," but then contend that courts have recognized an exception citing only to a 1951 case from a New York State court. (Dkt. 14 at 8, No. 6:23-cv-06208; Dkt. 25-1 at 9, No. 6:23-cv-06382 (citing *Watkins Body Corp. v. Arditi Ltd.*, 107 N.Y.S. 2d 430 (N.Y. App. Div. 1951)). The Court's own independent research has not revealed any support for consolidation prior to joinder of issue and without providing the defendants an opportunity

to be heard.  In fact, the limited caselaw on the issue supports denial of the pending motion without prejudice.  *See*, *e.g.*, *Hayes v. Coughlin*, No. 87 CIV. 7401 (CES), 1991 WL 150194, at *2 (S.D.N.Y. July 31, 1991) ("Defendants also argue that the motion for consolidation is premature because defendants have not yet answered in Hayes II and therefore issue has not yet been joined.  On July 8, 1991 defendants filed an answer in this action.  Therefore, this motion can no longer be considered premature."); *see also Gholson v. Sheeder*, No. 2:18-CV-1280, 2019 WL 5578866, at *2 (W.D. Pa. Oct. 29, 2019) (indicating that court previously denied motion to consolidate without prejudice to refile it after all defendants were served); *Osman v. Weyker*, No. CV 16-1012 (JNE/JSM), 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) ("The Court has concluded that consolidation is premature in light of the fact that defendants plan to move for dismissal under Rule 12(b)(6) on several grounds, including qualified immunity.  Consequently, the Court has denied defendants' motions without prejudice to their right to renew the motions if some of the plaintiffs' claims survive defendants' dispositive motions."); *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) ("The Court finds that judicial efficiency is best served by deciding the pending motions to dismiss and transfer prior to any consolidation.  If the Court ultimately denies the motions to dismiss and transfer, Plaintiff may renew its motion for consolidation.").

      While the Court understands the motives for the pending motion—namely to be able to file an amended complaint so that service may be effectuated on one of the defendants—it concludes that it would be inappropriate to allow consolidation without the defendants

having an opportunity to be heard and potentially oppose the motion. Accordingly, the pending motions to consolidate are denied without prejudice, and because the other relief sought—namely leave to file a consolidated amended complaint and confirmation of the deadlines for service of process—depends on consolidation of the two actions, those requests for relief are also denied without prejudice.

Thus, for the reasons set forth above, the pending motions (Dkt. 12, No. 6:23-cv-06208; Dkt. 24 and Dkt. 26, No. 6:23-cv-06382) are denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 31, 2023
       Rochester, New York